[No. 5829.]

ESTATE OF JEFF. WHITE.

BOND OF EXECUTOR.—Sec. 1401 of the Code of Civil Procedure, which provides that in certain cases the powers of an executor may be suspended upon an application for an order requiring him to give bonds, does not conflict with sec. 1396 of the same Code, which gives the general power to require a bond in proper cases.

APPEAL from the Probate Court of Los Angeles County.

The decedent, Jeff. White, died testate April 12th, 1877, naming in his will Kate M. Bachman as sole executrix, without bonds. Upon the petition of Virginia R. Green, who was interested in the estate, alleging youth, inexperience, and irre-

sponsibility of the executrix, the Probate Court made an order August 13th, 1877, revoking the letters testamentary previously granted, and suspending the powers of the executrix until after a hearing of the application for an order requiring bonds to be given.

From this order the executrix appealed.

*A. J. King,* for Appellant, argued that the Code (secs. 1396, 1401) only authorizes the Court to require bonds of an executor named in a will without bonds, in case of an application for the sale of real estate upon a showing of good cause therefor.

*Thompson & Ellis,* for Respondent.

By the COURT:

Sec. 1396 of the Code of Civil Procedure provides that when letters have been issued without bond, a bond may nevertheless be subsequently required, when it appears from any cause necessary or proper.

Sec. 1401 provides that a sworn petition may be presented setting forth waste by the executor, and praying that he be required to give bond, and that, when such petition is filed, the powers of the executor may be *suspended* until the matter can be heard and determined. This section in no way conflicts with sec. 1396, which gives the Probate Court the general power to require a bond in proper cases.

Order affirmed.